IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JOE E. SMITH,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:13-3014

AMERICAN EXPRESS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation ("PF&R") on January 15, 2014, in which he recommended that the district court grant defendant Bayview Loan Servicing's motion to dismiss (Doc. No. 13); grant defendant Litton Loan Servicing's motion to dismiss (Doc. No. 17); deny plaintiff's motion for default judgment against First Federal Credit Control ("FFCC") (Doc. No. 22); deny plaintiff's motion for default judgment against GMAC Mortgage (Doc. No. 24); grant defendant Citibank N.A.'s motion to dismiss (Doc. No. 25); grant defendants BAC Home Loan Servicing, LP and Bank of America, N.A.'s motion to dismiss (Doc. No. 32); and deny plaintiff's motion to strike the defendants' pleadings (Doc. No. 37).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff's first objection is to Magistrate Judge VanDervort's recommended dismissal of defendant Citibank. Specifically, plaintiff asserts: "Defendant Citibank should not be excused from this suit, as Citibank's judgment [sic] is currently in question, in Lorain County (in the state of Ohio) Court of Common Pleas, Case No. 08-cv-9504, under sub judice, as to a motion under Ohio Civil Rules 60(b)."  Plaintiff's Objections at p. 1.

In his PF&R, the magistrate judge found that plaintiff's present action against Citibank was barred by the doctrine of res judicata.  Citibank obtained judgment against plaintiff in Citibank v. Smith, Case No. 08-cv-9504, filed in the Lorain County Court of Common Pleas ("the Ohio Action").  After examining the record in the Ohio Action, Magistrate Judge VanDervort concluded that "[t]he prior lawsuit (1) was a final judgment on the merits, (2) involved the same causes of action, and (3) involved the same parties."  PF&R at p. 12.  He further

concluded that Smith "had a full and fair opportunity to litigate the claims in the prior action" and, accordingly, recommended granting Citibank's motion to dismiss.

Plaintiff's appears to argue that the Ohio Action was not a final judgment. Plaintiff's objection is without merit. Ohio Rule of Civil Procedure 60(B) provides that:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

Ohio R. Civ. P. 60(B). Rule 60(B) itself makes clear that a motion under it does not affect the finality of the judgment or suspend its operation. <u>Taray v. Sadoff</u>, 331 N.E.2d 448, 449 (Ohio App. 1975); <u>see also</u> <u>Mansour v. Ohio Fair Plan Underwriting Assoc.</u>, 1977 WL 199243, *3 ("Finally Rule 60(B) provides that a motion to set aside a judgment does not affect the finality of a judgment or suspend its operation during the pendency of appeal

of the motion."). Furthermore, plaintiff's motion under Ohio Rule of Civil Procedure 60(B), which was filed more than three and a half years after judgment was entered in the Ohio Action, was denied February 12, 2014. See Public Docket Information in 08CV159504 (retrieved on March 18, 2014 and filed as an exhibit to this Order). Based on the foregoing, plaintiff's objection is OVERRULED.

Plaintiff's second objection is largely unintelligible. He writes:

> Plaintiff's facts and claims did not arise anew, when the case was transfered [sic] (with the Plaintiff's consent) over from the state court, in the Circuit Court of McDowell County, West Virginia, to this federal district court here at Bluefield.
>
> Thus, the transferring of the complaint from state court to federal court, required (or rather) better suited all parties to rely on controlling federal law in this federal forum, as the case had no bearing on the state of West Virginia in no instance. Therefore, Plaintiff was correct in clarifying his pleading for litigation in the federal forum. Moreover, no defendant made any objection, and as a matter of fact, the defendant(s) are responsible for this case ending up in this particular federal jurisdiction due to there [sic] and the Plaintiff's domicile posture in relation to one another. Also, in the Magistrate's report there was much confusion, as to why or whether or not a state law was at issue. Which is why the Plaintiff at least attempted to clarify his claim to imply that he meant to be federal.

Plaintiff's Objections at pp. 1-2. Plaintiff seems to agree that this case was properly removed to federal court. He also appears

to assert that he is only asserting federal causes of action. This is exactly what Magistrate Judge VanDervort concluded in his PF&R: "A review of Plaintiff's Complaint, however, does not reveal that Plaintiff is asserting a state statutory claim or a state common law claim." PF&R at p.15. Accordingly, plaintiff's so-called objection appears to be a general comment that does not direct this court to a specific error in the PF&R. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Therefore, it is OVERRULED.

Plaintiff's third objection goes to Magistrate Judge VanDervort's recommended denial of plaintiff's motions for default judgment against defendants GMAC and FFCC. Magistrate Judge VanDervort found that GMAC was not named as a defendant in plaintiff's Complaint and, therefore, it was never served with a Summons and copy of the Complaint. See PF&R at p. 20. As to FFCC, the magistrate judge concluded that was never properly served. See id. Therefore, he recommended denial of the motions for default judgment.

Again, plaintiff's objection is largely incomprehensible. However, he seems to suggest that somehow defendants have waived their argument that they were not properly served. This objection fails.

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a

5

judgment for affirmative relief is sought has failed to plead or otherwise defend ."  Pursuant to the rule, a default judgment may be entered by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. . . . In all other cases, the party must apply to the court for a default judgment. . . ."  Fed. R. Civ. P. 55(b)(1) and (2). Proper service of process is a prerequisite to the Clerk's entry of default or the entry of a default judgment.  See Maryland State Firemen's Assoc. v. Chavez, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").

The defense of insufficient service of process may be waived by a party's failure to either raise it in a motion under Rule 12(b) of the Federal Rules of Civil Procedure or to include it in a responsive pleading.  See Fed. R. Civ. P. 12(h)(1). The Fourth Circuit has interpreted Federal Rule of Civil Procedure 12(h) to allow "an implied waiver of a personal jurisdiction defense by defendants who appear before a court to deny the allegations of a complaint, but who fail to make personal jurisdiction objections at the time of their appearance."  Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002) (citing Bethlehem Steel Corp. v. Devers, 389 F.2d 44, 46 (4th Cir. 1968)); see also 5C Charles A. Wright & Arthur R. Miller, Federal

Practice & Procedure § 1391 (3d ed.) ("[A] party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of Rule 12(h)(1) have been met[.]").

Contrary to what plaintiff claims, there has been no such waiver in this case, either pursuant to Fed. R. Civ. P. 12(h) or through defendants' conduct. Neither defendant has filed an answer to the complaint or a responsive pleading. Furthermore, besides the fact that it is not even named as a defendant herein, GMAC's only appearance in this case has been to file a notice indicating that GMAC is in bankruptcy after it received notice of plaintiff's motion for default judgment. See Doc. No. 29. Similarly, FFCC has only appeared in this case to oppose plaintiff's motion for default judgment as to it <u>on the grounds that it was never properly served with the complaint</u>. See <u>Arthur Williams, Inc. v. Helbig</u>, No. 00CIV.2169 SHS, 2001 WL 536946, *3 (S.D.N.Y. May 21, 2001) (finding no waiver of the defense of sufficiency of service of process where defendants' only contact with court "was limited to submission of papers in opposition to a motion for default judgment and an appearance at a pretrial conference in reference to that motion").

Based on the foregoing, plaintiff's third objection is OVERRULED.

As far as the court can discern, plaintiff's final objection seems to go to Magistrate Judge VanDervort's conclusion that plaintiff has failed to state a claim under Section 1681s-2(a) of the Fair Credit Reporting Act ("FCRA") because "there is no private right of action under Section 1681s-2(a)." Plaintiff's objection reads as follows:

> Plaintiff never assumed any private right of action, underlying federal law for recovery against the defendants, but, however, Plaintiff was seeking a fashionable and equitable remedy by the Court concerning and addressing the wrongs the Plaintiff had incurred as the defendants presumptively violated laws.

Objections at p. 2. Unfortunately, plaintiff's non-specific and conclusory objection fails to point the court to any specific error in the magistrate judge's PF&R. Accordingly, it is OVERRULED.

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby:

1. **GRANTS** defendant Bayview Loan Servicing's motion to dismiss (Doc. No. 13);

2. **GRANTS** defendant Litton Loan Servicing's motion to dismiss (Doc. No. 17);

3. **DENIES** plaintiff's motion for default judgment against First Federal Credit Control (Doc. No. 22);

4. **DENIES** plaintiff's motion for default judgment against GMAC Mortgage (Doc. No. 24);

5. **GRANTS** defendant Citibank N.A.'s motion to dismiss (Doc. No. 25);

6. **GRANTS** defendants BAC Home Loan Servicing, LP and Bank of America, N.A.'s motion to dismiss (Doc. No. 32);

7. **DENIES** plaintiff's motion to strike the defendants' pleadings (Doc. No. 37); and

8. **REFERS** this matter back to Magistrate Judge VanDervort for further proceedings.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 31st day of March, 2014.

ENTER:

David A. Faber
Senior United States District Judge